UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA ALLIANCE OF CHILD AND FAMILY SERVICES,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN WAGNER, Director of the California Department of Social Services, in his official capacity; GREGORY ROSE, Deputy Director of the Children and Family Services Division of the California Department of Social Services, in his official capacity,<br><br>    Defendants.<br>_____ / | No. C 09-04398 MHP<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION** |

   This matter having come on for hearing before this court on October 9 and 29, 2009, and the court having considered the memoranda and arguments of counsel, and all other matters submitted with respect to plaintiffs' application for a Temporary Restraining Order, and good cause appearing, the court makes the following findings and enters this order.

   1.   The court finds that plaintiff has raised serious questions going to the merits of this action. The federal Child Welfare Act ("the Act") provides that "Each State with a plan approved under this part *shall* make foster care maintenance payments on behalf of each child who has been removed from the home of a relative . . . ." 42 U.S.C. § 672(a)(1) (emphasis added). The Act defines "foster care maintenance payments" as "payments to cover the cost of (and the cost of providing)" certain items enumerated in the Act, including food, clothing, shelter and supervision.

42 U.S.C. § 675(4)(A). Plaintiff represents California non-profit agencies offering services to vulnerable children and their families, including group home programs. Group homes provide care and supervision for foster children who are placed with them by county child welfare and probation departments and who often have significant emotional or behavioral problems. *See* Docket No. 1 (Complaint) ¶ 4. Approximately two years ago, plaintiff brought a challenge to the level of funding provided by the State of California to support foster care maintenance payments to group homes. At that time, this court found that California's Rate Classification Level (RCL) system provided for at least 80% of the costs of the items enumerated by the Act. *California Alliance of Child & Family Servs. v. Allenby*, 2008 WL 686860, at *4 (N.D. Cal. Mar. 12, 2008) (Patel, J.). While finding said funding level to be substantially compliant with the Act, the court warned that the California system may well be in violation of federal law without further funding increases over time. *Id.* at *6. The implementation of the ten percent reduction provided in California's Budget Act of 2009, coupled with the cumulative effect of uncompensated cost of living increases, would reduce foster care maintenance payments to a level covering only 68-70% of the costs of the items enumerated by the Act. *See* Docket No. 41 (Def.'s Supp. Dec.) ¶ 8. Defendants' contention that the effects of the budget cut are offset by the provision of Senate Bill 597 that adjusted the respective RCL point ranges appears to have little merit: this adjustment appears to help a group home's financial posture by allowing the group home to cut "costs," i.e., the services provided to each child, without losing additional funding. The concern of the Act is the actual provision of foster care to children, not simply the balance sheets of the service provider. There are serious questions whether California's funding scheme for 2009-10 substantially complies with the Act.

2. Plaintiff has demonstrated that the balance of hardships tips sharply in its favor and that the entry of a Temporary Restraining Order is in the public interest. The implementation of California's ten percent budget cut may be expected to result in decreases in care, housing, services, staffing numbers and staff qualifications. Group homes that begin to restructure their respective staffing complements in response to the reduction may find it difficult to reestablish the *status quo ante* should plaintiff succeed on the merits, unless a Temporary Restraining Order issues forthwith.

The entry of a Temporary Restraining Order imposes a fiscal impact on the State, which is navigating a severe budgetary crisis, *see* Docket No. 36 (Def.'s RJN); however, this temporary hardship does not outweigh the irreparable injury likely to be sustained by the foster children living in group homes that may have already begun terminating staff and cutting services. *See Golden Gate Restaurant Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1126 (9th Cir. 2008) ("While the City's and Association's injuries are entirely economic, the Intervenors' injuries include preventable human suffering.  Therefore, the balance of hardships tips sharply in favor of the parties seeking relief.").  Moreover, the public interest weighs in favor of ensuring that decisions directly affecting this particularly vulnerable segment of society scrupulously adhere to the law's requirements.  *See Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983).

3. Accordingly, plaintiff's application for a Temporary Restraining Order is **GRANTED**.

4. Defendants John Wagner and Gregory Rose, and their successors, agents, officers, servants, employees, attorneys and representatives, and all persons acting in concert or participating with defendants in their respective official capacities as Director of the California Department of Social Services and Deputy Director of the Children and Family Services Division of the California Department of Social Services, are **HEREBY ENJOINED AND PROHIBITED** from implementing the ten percent reduction in the standardized schedule of rates for each RCL provided at California Welfare and Institutions Code § 11462(g)(5), such reduction having been approved in Assembly Bill ABX 4 4, filed with the Secretary of State on July 28, 2009, and Senate Bill 597, filed with the Secretary of State on October 11, 2009, as part of the Budget Act of 2009.

5. This Temporary Restraining Order will expire ten (10) days after entry, *see* Fed. R. Civ. P. 65(b)(2), unless the parties agree to extend the order for a reasonable amount of time in order to prepare for the adjudication of plaintiff's motion for a preliminary injunction.

6. This court **HEREBY ISSUES** an Order to Show Cause fixing the time for hearing plaintiff's motion for a preliminary injunction.  Said motion shall be heard on **Friday, November**

3

**13, 2009**, at 10:00 a.m., in Courtroom 15, 450 Golden Gate Ave., 18th Floor, San Francisco, California.

      7.    Plaintiff's motion for a preliminary injunction, with all supporting pleadings, papers and evidence, shall be served upon defendants no later than **Wednesday, November 4, 2009**. Defendants' opposition pleadings, papers and evidence in response to plaintiff's motion for a preliminary injunction shall be filed and served on plaintiff no later than **Monday, November 9, 2009**. Defendants shall also file their proposals concerning the taking of testimony by that date. Plaintiff's papers and evidence in reply to defendants' opposition to plaintiff's motion for a preliminary injunction shall be filed and served upon counsel for defendants no later than **Wednesday, November 11, 2009**. Plaintiffs shall also file their proposals concerning the taking of testimony by that date.

      IT IS SO ORDERED.

Dated: November 4, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4