United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA ALLIANCE OF CHILD AND FAMILY SERVICES, <br><br> Plaintiff, <br><br> v. <br><br> JOHN WAGNER, Director of the California Department of Social Services, in his official capacity; GREGORY ROSE, Deputy Director of the Children and Family Services Division of the California Department of Social Services, in his official capacity, <br><br> Defendants. | No. C 09-4398 MHP <br><br> **ORDER** <br><br> **Re: Scope of Preliminary Injunction** |

On November 18, 2009, this court entered a preliminary injunction in the instant action. That order included the following:

> This injunction prohibits implementation of the reduction only with respect to payments made in connection with children subject to the CWA. Execution of the injunction SHALL NOT be carried out in a manner that will reduce in any amount the full entitlement to such federally eligible children under this order.
>
> Counsel for the parties agreed at oral argument that the RCL system and group homes do not distinguish between federally eligible and non-federally eligible children in the rates set or the services provided. This raises the question whether any funding scheme for foster care maintenance payments that discriminates among federally eligible and non-federally eligible children can be carried out under California's system. To ensure compliance with this injunction, the State SHALL file within twenty-one (21) days of entry of this order the State's plan for determining the amount of foster care maintenance payments for each group home that will satisfy this order.

Docket No. 57 (Preliminary Injunction Order) at 14. On December 9, 2009, the State filed a submission regarding its "plan for determining the amount of foster care maintenance payments for group homes." Docket No. 63 (Def.'s Submission). This submission merely references an attached copy of All County Letter No. 09-76 ("the letter"), issued by defendant Rose, which provided instructions to counties pertaining to the funding of foster care group home programs in light of the preliminary injunction. The letter contains two separate tables setting forth RCL schedules for group homes—one schedule for federally eligible children, i.e., those covered by the Child Welfare Act ("CWA"), and one schedule for non-federally eligible children. *See id.*, Exh. A. According to the letter, counties are to pay a higher rate "for all federally eligible children," reflecting the preliminary injunction against implementation of the Budget Act of 2009 as to those children. Simultaneously, a lower rate, reflecting the ten percent reduction, is to be paid "for all non-federally eligible children." *Id.* at 2-3. The letter instructs, "Each county should consider its current accounting systems and reconciliation processes to determine the most efficient manner in which to make payments under these two separate rate schedules." *Id.* at 3. The letter also provides, "Until automation changes can be made to payment systems, counties may consider issuing checks to all children in group homes under the schedule in Table 2 [the schedule that includes the ten percent reduction] and then issuing supplemental checks for federally eligible children in order to provide complete payments. Supplemental checks should be issued as quickly as possible in order to avoid requests for a due process hearing because of an underpayment." *Id.* at 4. Plaintiff objects to the State's "plan," noting that it does not specify how group homes are supposed to implement it in such a way as to ensure that federally eligible children are not subject to additional reductions in foster care maintenance payments, as mandated by the court's preliminary injunction order.

At the preliminary injunction hearing, plaintiff represented to the court that group homes are required to provide the same basic level of care to all children placed with the home, regardless whether the children are federally eligible. *See* Docket No. 58 (Hearing Tr.) at 31-35. The State did not dispute this characterization. Furthermore, nothing in the State's submission contests or even addresses the preliminary injunction order's finding that "group homes do not distinguish between

2

federally eligible and non-federally eligible children in . . . the services provided." Because group homes do not so distinguish, it is inevitable that simply reimbursing group homes differently for federally eligible and non-federally eligible children will result in a dilution of funds to federally eligible children. For instance, a group home operating at an RCL 14 level would receive $6,694 per month for each federally eligible child and $6,025 per month for each non-federally eligible child. According to the State, approximately 59% of children statewide are federally eligible whereas 41% are non-federally eligible. A group home whose population reflected this breakdown would receive an average of $6,419.71 per child.[1] For a federally eligible child, this amounts to a funding level of 95.9% of that to which the child is entitled.[2] In other words, because group homes do not—and likely would not, as a matter of ethics as well as policy—give non-federally eligible children less food, clothing, shelter, or less of any of the other items enumerated in the CWA, *see* 42 U.S.C. § 675(4)(A), the effect of the State's current plan is to cut benefits to federally eligible children by 4.1%, in contravention of the court's preliminary injunction order. Accordingly, the court HEREBY AMENDS AND SUPERSEDES the preliminary injunction order currently in effect.

Pending final adjudication of the merits of the instant action, named defendants John Wagner and Gregory Rose, and their successors, agents, officers, servants, employees, attorneys and representatives, and all persons acting in concert or participating with defendants in their respective official capacities as Director of the California Department of Social Services and Deputy Director of the Children and Family Services Division of the California Department of Social Services, are HEREBY ENJOINED AND PROHIBITED from implementing the ten percent reduction in the standardized schedule of rates for each RCL provided at California Welfare and Institutions Code § 11462(g)(5), such reduction having been approved in Assembly Bill ABX 4 4, filed with the Secretary of State on July 28, 2009, and Senate Bill 597, filed with the Secretary of State on October 11, 2009, as part of the Budget Act of 2009. Implementation of such reduction is enjoined both in relation to federally eligible children and non-federally eligible children.

Separately, the court hereby informs the parties that it will schedule a status conference with the parties to solicit their views on the impact upon this action, if any, of the recent decision in

3

*California Alliance of Child and Family Services v. Allenby*, ___ F.3d ___, 2009 WL 4755730 (9th Cir. Dec. 14, 2009).

IT IS SO ORDERED.

Dated: December 18, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1. $6,694 * 0.59 + 6,025 * 0.41 = 6,419.71$.

2. $6,419.71 / 6,694 = 0.959$