UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA ALLIANCE OF CHILD AND FAMILY SERVICES,<br><br>    Plaintiff,<br>    v.<br><br>JOHN WAGNER, Director of the California Department of Social Services, in his official capacity; GREGORY ROSE, Deputy Director of the Children and Family Services Division of the California Department of Social Services, in his official capacity,<br><br>    Defendants. | CASE NO. CV 09-04398 MHP<br>Related to Case No. CV 06-4095 MHP<br><br>**[PROPOSED] JUDGMENT FOR PLAINTIFF CALIFORNIA ALLIANCE OF CHILD AND FAMILY SERVICES** |

A/74290870.2/0999995-2960011882

1  On December 14, 2009, the United States Court of Appeals for the Ninth Circuit issued its ruling in *California Alliance of Child & Family Servs. v. Allenby* and held that defendants violated federal law because "the State is not covering the costs required by the [Child Welfare Act.]" *California Alliance of Child & Family Servs. v. Allenby*, 589 F.3d 1017, 1023 (9th Cir. 2009). Further, on April 8, 2011, the United States Court of Appeals for the Ninth Circuit affirmed this Court's November 18, 2009 Order Granting the California Alliance of Child and Family Services' Motion for Preliminary Injunction, (Docket. No. 57), and the Court's subsequent December 18, 2009 Order re Scope of Preliminary Injunction, (Docket. No. 67) (collectively, "Preliminary Injunction Order"). (*See* Docket No. 80.) The Court also affirmed this Court's amended judgment and the permanent injunction issued in *California Alliance of Child and Family Services v. Allenby*, No. C 06-04095 MHP (N.D. Cal.) ("*Allenby*"). The Ninth Circuit's mandate was received by this Court on May 5, 2011. (*See* Docket No. 81.)

The Ninth Circuit's holding in *Allenby*, this Court's subsequent amended judgment in *Allenby*, and the United States Court of Appeals' recent rulings in both *Allenby* and this case, all establish that the Court's Preliminary Injunction Order was appropriate because the State's attempted 10% rate cut to foster care group homes in the State's 2009/2010 budget, as described in Assembly Bill 4 of the Fourth Extraordinary Session (ABX4 4) (Evans, Chapter 4, Statutes of 2009), violates Title IV-E of the Social Security Act, 42 U.S.C. §§ 670-679b ("Child Welfare Act") and its implementing regulations.

Based on this Court's prior orders in *Allenby*, the Preliminary Injunction Order in this case, the amended judgment in *Allenby*, and the Ninth Circuit Court of Appeals' rulings in both *Allenby* and *Wagner*, the Court holds that Plaintiff California Alliance of Child and Family Services is entitled to Judgment in this matter as a matter of law. It is hereby ORDERED and ADJUDGED as follows:

1.  The Alliance's request for declaratory relief in its complaint is GRANTED. The Court hereby finds that the ten percent reduction in the standardized schedule of rates for each RCL provided at California Welfare and Institutions Code § 11462(g)(5), such reduction having been approved in Assembly Bill ABX 4 4, filed with the Secretary of State on July 28, 2009, and

1  Senate Bill 597, filed with the Secretary of State on October 11, 2009, as part of the Budget Act
2  of 2009, violates the Child Welfare Act's requirement that participating states make "foster care
3  maintenance payments" that "cover" the costs of providing the essential items set forth in
4  Section 675(4)(A) and is, consequently, preempted by the requirements of the Child Welfare Act
5  under the Supremacy Clause.
6         (a)  The Alliance's request for permanent injunctive relief in its complaint is GRANTED.
7  Defendants John Wagner and Gregory Rose, and their successors, and their respective agents,
8  officers, servants, employees, attorneys and representatives, and all persons acting in concert or
9  participating with defendants in their respective official capacities as Director of the California
10 Department of Social Services and Deputy Director of the Children and Family Services
11 Division of the California Department of Social Services, and each of them, are HEREBY
12 ENJOINED AND PROHIBITED from implementing the ten percent reduction in the
13 standardized schedule of rates for each RCL provided at California Welfare and Institutions
14 Code § 11462(g)(5), such reduction having been approved in Assembly Bill ABX 4 4, filed with
15 the Secretary of State on July 28, 2009, and Senate Bill 597, filed with the Secretary of State on
16 October 11, 2009, as part of the Budget Act of 2009.  Implementation of such reduction is
17 enjoined both in relation to federally eligible children and non-federally eligible children. [1]
18       2.   The amended judgment and permanent injunction in *Allenby* shall remain in full
19 effect.
20       3.   The Alliance may bring a motion to recover its attorneys' fees and costs within
21 the statutory time period.
22       4.   The court retains jurisdiction to enforce this Judgment and to award attorneys'
23 fees and costs.
24       **IT IS SO ORDERED.**

26 DATED:__June 1, 2011_____   _____
27                                     THE HONORABLE MARILYN H. PATEL
                                       U.S. DISTRICT 

[1] The injunction extends to non-federally eligible children for the reasons set forth in this court's order of December 18, 2009, entered in the related California Alliance v. Wagner action. *See* Case No. C 09-4398 (N.D. Cal.) (Patel, J.), Docket No. 67 (Order Re: Scope of Preliminary Injunction).