1

2

3

4

5

6             UNITED STATES DISTRICT COURT

7             NORTHERN DISTRICT OF CALIFORNIA

8

CALIFORNIA ALLIANCE OF CHILD AND           C 09-04398 MHP
9  FAMILY SERVICES,

10          Plaintiff,                     **MEMORANDUM & ORDER**

11    v.                                   **Re:** Motion for Attorneys' Fees.

12  JOHN WAGNER, Interim Director of the
    California Department of Social Services, in
13  his official capacity, and GREGORY ROSE,
    Deputy Director of the California Department
14  of Social Services, in his official capacity,

15          Defendants.

16  _____/

17          Plaintiff California Alliance of Child and Family Services ("the Alliance") prevailed in this

18  action against California Department of Social Services directors John Wagner and Gregory Rose

19  ("the State or defendants").  Before the court is plaintiff's motion for attorneys' fees and costs,

20  which defendants oppose.  Having considered the parties' arguments and submissions and for the

21  reasons stated below, the court enters the following memorandum and order.

22

23  BACKGROUND

24          In 2006, plaintiff sued the State under 42 U.S.C. section 1983 for violating the Child Welfare

25  Act.  In that action (hereinafter *Alliance I*), this court granted defendants' motion for summary

26  judgment and denied plaintiff's motion for summary judgment.  In 2009, the Ninth Circuit Court of

27  Appeals reversed this court, finding that defendants' failure to cover certain costs associated with the

28  maintenance of foster care group homes violated the Child Welfare Act.  Consequently, the Ninth

**United States District Court**
For the Northern District of California

1   Circuit remanded the matter to this court to determine appropriate relief consistent with the Ninth

2   Circuit's holding.  This court, in 2010, subsequently entered judgment in favor of plaintiffs, and

3   granted attorneys fees to plaintiff pursuant to 42 U.S.C. section 1988.

4       While the appeal was pending in the aforementioned action, the Alliance filed this present

5   action in 2009 (hereinafter *Alliance II*), seeking injunctive relief to prevent defendants from

6   implementing additional reductions in foster care maintenance payments.  This court ruled in favor

7   of plaintiff, and the Ninth Circuit affirmed.  Plaintiff's counsel now seek to recover attorneys' fees

8   and costs in the amount of $439,988.44. Docket No. 89-1 (Supplemental Abrams Dec.) ¶ 4.

9

10  LEGAL STANDARD

11      A district court has discretion to award reasonable attorneys' fees to a prevailing party in a

12  section 1983 claim. 42 U.S.C. § 1988(b).  In the absence of special circumstances, a prevailing party

13  should recover reasonable attorney's fees. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210

14  (9th Cir. 1986).  The purpose of section 1988 is to ensure that private parties are able to secure

15  effective counsel to protect rights guaranteed by federal law.  *See Riverside v. Rivera*, 477 U.S. 561,

16  576 (1986).  Indeed, Congress' intent in enacting section 1988 "was to attract competent counsel to

17  prosecute civil rights cases, where victims ordinarily cannot afford to purchase legal services at the

18  rates set by the private market." *Mendez v. Cty of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir.

19  2008) (internal quotation marks omitted)).

20

21  DISCUSSION

22      There is no dispute that plaintiff is the prevailing party in this action and is entitled to recover

23  some attorneys' fees and costs.  Defendants, however, object to plaintiff's motion arguing that the

24  amount requested in fees and costs is excessive and should be reduced by a minimum of $100,000.

25  Generally, defendants argue that the court should be particularly vigilant with respect to the

26  awarding of unnecessary attorneys' fees given the defendants' status as directors of a state agency

27  that will ultimately foot the bill.  Although plaintiff is correct that defendants are not entitled to a

28

United States District Court

For the Northern District of California

2

discount in attorneys fees simply because they are being sued in their official capacities as directors of a public agency, this court has previously endorsed the principle that courts should avoid awarding excessive fees against government agencies since such expenditures can adversely impact the populace by diverting scarce resources away from beneficial programs.  *See*, *e.g.*, *Christianburg Garment Co. v. Equal Emp. Opp. Comm.*, 434 U.S. 412, 422 n.20 (1977) ("[E]very attorney's fee assessment . . . will inevitably divert resources from the agency's enforcement.")  With this principle in mind, the court considers each of defendants' objections in turn.

I.      <u>Reasonable Hourly Rates</u>

Reasonable hourly rates are determined by reference to the prevailing market rates charged by comparable attorneys in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Generally, the forum district is the relevant community. *See Gates v. Deukmejian*, 987 F.2d 1395, 1405 (9th Cir. 1992).  The Northern District of California is the relevant community for this action. Moreover, it is incumbent on the plaintiff, as the moving party, to proffer evidence of prevailing market rates in the relevant community.  Here, except to state that "the rates charged by McCutchen LLP for these attorneys are commensurate with the rates charged by other firms for attorneys with similar reputation, skill and level of expertise," plaintiff fails to proffer evidence regarding the fees charged by lawyers of comparable skill, experience and reputation in this District.  *See* Docket No. 87-2 (Abrams Dec.) ¶ 11.  Consequently, as this court previously stated with respect to *Alliance I* attorneys' fees, because the State's coffers are involved, this lack of evidence requires an across-the-board ten percent rate cut in hourly rates.

Plaintiff presents evidence that seven attorneys worked on this matter: William F. Abrams, Craig A. Taggart, Jennifer A. Lopez, Michael Mortensen, Jessica A. Mahon Scoles, Andrea Ruth Bird and Patrick Allen. *See* Abrams Dec. ¶¶ 6-10; Supplemental Abrams Dec. ¶¶ 5-6.  Defendants object to the billing rates requested for the work performed by Mr. Abrams.[1]  Mr. Abrams' requested billing rate for 2009 is $850 per hour, for 2010 is $890 per hour and for 2011 is $975 per hour. *Id.* ¶ 6. Defendants argue that in light of this court's previous determination in 2010, with respect to *Alliance I*, that the reasonable base hourly rate for Mr. Abrams is $725 per hour for work performed

3

during 2008 and onward, the presently requested rates are unreasonable.  *See* CV-06-04095 MHP,

Docket No. 113 (*Alliance I* Attorneys' Fee Order) at 5:17-20.

Plaintiff counters by pointing to the Ninth Circuit's determination that with respect to

plaintiff's motion for attorneys' fees for Mr. Abrams' work relating to appellate matters, hourly rates

of $775 per hour in 2008 and $850 per hour in 2009 were in accord with reasonable billing rates for

comparable work in the Northern District of California.[2] *See* Abrams Dec., Exh. E (Ninth Circuit

Attorneys' Fee Order) at 49-50.  Plaintiff relies solely on the Ninth Circuit's determination, and fails

to proffer additional evidence from within the Northern District that increases in the requested rates

beyond $850 per hour are reasonable for work performed after 2009.  Accordingly, a reasonable

hourly base rate for Mr. Abrams, prior to the 10% rate cut, is $850 per hour for work performed

during 2009 and onward.

As for the remaining attorneys, defendants do not object to the requested rates, and the court

finds that the requested rates, subject to the 10% rate cut, are reasonable.

II.   Reasonable Hours Expended

"The fee applicant bears the burden of documenting the appropriate hours expended in the

litigation and must submit evidence in support of those hours worked," *Gates*, 987 F.2d at 1397

(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983)).  Plaintiff's counsel presents evidence

of the hours expended by each of the attorneys and the nature of the work that each attorney

performed.  *See* Abrams Dec., Exh A (Time Sheets).  Plaintiff's attorneys rely heavily on block

billing to account for the time working on this matter.  For example, on July 20, 2009, Mr. Taggart

spent 3.90 hours reviewing and analyzing emails; working on the complaint, motion for preliminary

injunction and declarations; revising the template declaration for group homes; and researching and

analyzing issues regarding the State's budget. *Id.* at 5.  Block billing of this nature is pervasive

throughout plaintiff's counsels' Time Sheets, and as a result, it is impossible for the court to

decipher how much time was spent on individual tasks and whether the time spent was reasonable.

Accordingly, the court exercises its discretion to reduce the hours listed in this entry and other block

billed entries by 20%. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("We do

4

1   not quarrel with the district court's authority to reduce hours that are billed in block format.  The fee

2   applicant bears the burden of documenting the appropriate hours expended in the litigation and must

3   submit evidence in support of those hours worked.").

4   III.   <u>Inefficiency</u>

5        Defendants object to various entries in plaintiff's counsels' Time Sheets as reflecting several

6   instances of inefficient or duplicative use of time.  The court addresses each objection in turn.

7        Firstly, defendants object to Mr. Taggart's entry on December 10, 2009 in which he recorded

8   spending one hour to "[r]eview and analyze order from ninth Circuit Court of Appeals re stay of

9   preliminary injunction pending appeal." Time Sheets at 8.  Defendants point out the brevity of the

10   Ninth Circuit's order and argue that an hour spent reviewing such a short order is an obviously

11   inefficient use of time.  The court may not conclude that an hour spent analyzing an order, however

12   brief, from the appellate court is an inefficient use of time.  Brevity is not necessarily synonymous

13   with the lack of need for analysis, and the court declines to conclude that Mr. Taggart's use of time

14   here was per se inefficient or unreasonable.

15        Secondly, defendants object to the number hours that plaintiff's counsel spent on

16   unnecessary travel.  Defendants highlight Ms. Lopez's recording of 13 hours spent traveling to San

17   Francisco in order to file the complaint and an ex parte application for a temporary restraining order.

18   Time Sheets at 10; *see also* Docket No. 1 (Complaint) and Docket No. 5 (TRO).  Defendants

19   contend that because the documents in question were electronically filed, there was no need for Mr.

20   Lopez's expenses incurred in filing the documents in person.  In reply, plaintiff's counsel correctly

21   point out that pursuant to procedures in this district, initiating documents must be filed "on paper

22   rather than electronically." N.D.Cal. Gen. Order 45(V)(A).  However, this does not mandate filing in

23   person since mailing of paper documents also complies with the local rules.  Accordingly, the

24   expenditure of $6,890 of public funds for Ms. Lopez's travel is unreasonable, and plaintiff's counsel

25   is not entitled to recover this expenditure or the attendant costs.[3]

26        Defendants also object to Mr. Mortenson's entry of 13.40 hours for, among other block

27   billed tasks, travel to and from San Francisco to attend the January 11, 2010 case management

28

United States District Court

For the Northern District of California

conference because Mr. Abrams was present at the conference. This court has previously stated that courts should examine with skepticism claims that several attorneys were needed to perform a task, however participation of more than one attorney is not a per se unnecessary duplication of effort. *See Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004). Indeed, if a lawyer who has previously worked on the case and will subsequently be working on it observes the proceedings to judge how to proceed later, such attendance is not unnecessarily duplicative. *Id.* Here, there is no doubt that Mr. Mortenson actively participated in the ongoing prosecution of this matter, and accordingly, his presence at the case management conference was not necessarily a duplicative or an inefficient use of time. There is an issue here, however, with respect to the block billing of Mr. Mortenson's use of time. Thus, this entry will be subject to the 20% reduction as previously imposed.

Thirdly, defendants contend that plaintiff's counsel are seeking to recover for time spent working on other matters unrelated to the *Alliance II* action. Defendants point to Mr. Mortenson's time entry on July 17, 2009 reflecting 1.7 hours spent to "[d]raft edit and revise *answer*; review and analyze correspondence and client provided data; notes regarding same." Time Sheets at 13 (emphasis added). Defendants point out that plaintiff, as the plaintiff after all, filed no answer in this action. In reply, plaintiff's counsel do not explain whether Mr. Mortenson's description of his work was in error or whether the entry itself was in error. Accordingly, plaintiff's counsel are not entitled to recover for this entry as it plainly refers to work that could not apply to this action. Other than this entry, the court did not find any other entry that appeared to plainly refer to work performed for another matter. Accordingly, only this entry will be stricken from plaintiff's counsel's recovery.

IV.    Court Filing Costs

A prevailing party may recover, as part of the award of attorney's fees, out of pocket costs that would normally be charged to a paying client. *Harris v. Marhoerfer*, 24 F.3d 16, 19 (9th Cir. 1994). For instance, a prevailing party may recover travel costs under section 1988. *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991). Defendants object to plaintiff's counsel's accounting of costs, lodged on September 16 and 18, 2009, related to Ms. Lopez's filing in person of the

6

complaint and ex parte request for a temporary restraining order.  As stated above, although District rules mandate paper copies of initial filings, such copies may be mailed as well as filed in person. Given that the defendants are representatives of a state agency and funds to remunerate plaintiff's counsel must come from the public purse, the court cannot sanction these significant costs when mailing the documents in question would have sufficed.

CONCLUSION

Plaintiff's counsels' attorneys' fees are reduced as follows: 1) all attorneys are subject to a 20% reduction in hours for all block-billed entries in counsels' Time Sheet; 2) each individual attorney is subject to a 10% reduction in hourly rate; and 3) Mr. Abrams will receive an hourly base rate of $850, subject to a 10% reduction, for all time expended on this action from 2009 onward.

Accordingly, with respect to Mr. Taggart, the entries from the following dates are subject to a 20% reduction as a result of block billing: In 2009, July 20-23, August 4-24, September 11-26, October 9-14, 19-21, 27, 30, November 2-5, 10-11, 16-30, December 7-9; in 2011, May 23, 25-27, and June 13.  As a result, Mr. Taggart's total billable hours are 152.78 hours, and accounting for a 10% reduction in his hourly rates from 2009 and 2011, his total amounts to $60,746.58.

With respect to Ms. Lopez, the entries from the following dates are subject to a 20% reduction as a result of block billing: In 2009, July 20-24, 29-31, August 3, 25, September 11-17, 24-27, October 8-9, 27, November 4, 10, 12, December 14.)  As a result, Ms. Lopez's total billable hours are 218.12 hours, and accounting for a 10% reduction in her hourly rates from 2009, her total amounts to $104,043.24.  Additionally, plaintiff's counsel may not recover fees for Ms. Lopez's travel on September 18, 2009.

With respect to Ms. Mahon Scoles, the entries from the following dates are subject to a 20% reduction as a result of block billing: In 2009, July 21-30, August 4, September 14-16, October 9, November 20, December 10.  As a result, Ms. Mahon Scoles' total billable hours are 38.38 hours, and accounting for a 10% reduction in her hourly rates from 2009, her total amounts to $10,362.60.

**United States District Court**
For the Northern District of California

1    With respect to Mr. Mortenson, the entries from the following dates are subject to a 20%

2    reduction as a result of block billing: In 2009, June 18-24, July 9-16, 21-27, 31, August 3-26,

3    September 11, 17-25, October 8-9, 16-22, 28-30, November 2-20, December 28, 30-31; in 2010,

4    January 4,11.  As a result, Mr. Mortenson's total billable hours are 152.86 hours, and accounting for

5    a 10% reduction in his hourly rates from 2009 and 2010, his total amounts to $56,011.68.

6    Additionally, consistent with the court's conclusion above, plaintiff's counsel may not recover fees

7    for Mr. Mortenson's work on July 17, 2009.

8    With respect to Mr. Abrams, the entries from the following dates are subject to a 20%

9    reduction as a result of block billing: In 2009, July 14-17, 27-28, August 3-4, 23-31, September 8-

10   11, 14-27, October 9-21, 27, 30, November 2-19, December 14, 18-30; in 2010, January 11; in 2011,

11   June 30.  As a result, Mr. Abram's total billable hours are 120.70 hours, and accounting for a 10%

12   reduction in his hourly rate, his total amounts to $92,335.50.

13   With respect to Ms. Bird, the entries from the following dates are subject to a 20% reduction

14   as a result of block billing: In 2011, June 7, 13.  As a result, Ms. Bird's total billable hours are 8.78

15   hours, and accounting for a 10% reduction in her hourly rate, her total amounts to $3,279.33.

16    Mr. Allen's total billable hours are 3.4 hours, and accounting for a 10% reduction in his

17   hourly rate, his total amounts to $1269.90.

18   Lastly, consistent with the court's conclusions above, plaintiff's counsel may not recover

19   expenses related to Ms. Lopez's travel on September 18, 2009.  Consequently, plaintiff's counsel is

20   entitled to recover $1309.80.

21   Plaintiff is awarded $328,048.83 in attorneys' fees and $1309.80 in costs for a total of

22   $329,358.63.  Defendants shall remit the total amount to counsel for plaintiff within sixty (60) days

23   of the date of this order.

24   IT IS SO ORDERED.

25

26   Dated:  July 15, 2011

27                                                                              MARILYN HALL PATEL
                                                                                United States District Court Judge
28                                                                              Northern District of California

8

**ENDNOTES**

1.       Plaintiffs do not object to the requested billing rates for the remaining attorneys.

2.       The Ninth Circuit did not determine that this court's award of $725 per hour for Mr. Abrams' work from 2008 onward was unreasonable, although the court approved a higher rate for Mr. Abrams' appellate work.

3.       The court takes judicial notice of the fact that Bingham McCutchen LLP maintains offices in Northern California. Accordingly, in addition to mailing the initiating papers from Southern California, plaintiff's counsel could have recruited a local attorney to file the papers in question at much less cost. Indeed, Mr. Abrams works in the Palo Alto office and could have personally appeared had the court chosen to hear the ex parte application for a temporary restraining order the day of or immediately after the filing. It appears then that fiscal efficiency was not a consideration in plaintiff's counsel's decision to spend $7,000 on Ms. Lopez's trip to file the initiating papers. However, even firms with considerable resources, who seek to recover attorneys' fees from the public purse, must factor in fiscal efficiency when purporting to serve the public good through pro bono work.